TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00627-CV






Lawrence Edward Thompson, Appellant



v.



Michael F. Miller, General Counsel to the Texas Board of Pardons and Paroles, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 95-06866, HONORABLE DON G. HUMBLE, JUDGE PRESIDING 






 Lawrence Edward Thompson appeals from the trial court's grant of summary
judgment in favor of appellee Michael Miller in Thompson's petition for writ of mandamus
seeking to compel the disclosure of certain categories of statistical information concerning parole. 
We will affirm the trial-court judgment.


Background



 Thompson is currently, and was at all pertinent times, an inmate of the Texas
Department of Criminal Justice's Institutional Division. On March 14, 1995, Thompson requested
that the Board of Pardons and Paroles provide him with five categories of statistical information
under the Public Information Act (the "Act"), Tex. Gov't Code Ann. §§ 552.001-.353 (West
Supp. 1999). Miller, acting on the Board's behalf, responded by informing Thompson that the
Board had no records satisfying his request. On August 22, 1995, appellant made a second
request under the Act. Miller denied appellant's second request, relying on section 552.027 of
the Act. Thompson then filed this petition for writ of mandamus in the trial court, which resulted
in the summary judgment against him.

 On appeal, Thompson brings two points of error: (1) the trial court erred in
granting the summary judgment, and (2) the trial court erred in failing to issue a bench warrant
for appellant to allow him to appear at the hearing on the motion for summary judgment. (1)


The Requests



 Mandamus will issue only to compel a public official to perform a ministerial act,
that is, an act that is clearly spelled out by law with sufficient certainty that nothing is left to the
exercise of discretion. See Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991);
City Council of Austin v. Save Our Springs Coalition, 828 S.W.2d 340, 342-43 (Tex.
App.--Austin 1992, no writ). Thus, mandamus is proper in this case only if Miller, acting for
the Board, had no discretion under the law other than producing the information requested by
Thompson.

 Thompson made his second request under the Act on August 22, 1995. By the time
of his second request, the Act had been amended to add a specific section controlling requests
from incarcerated persons. The amended Act states that "a governmental body is not required to
accept or comply with a request for information from an individual who is imprisoned or confined
in a correctional facility." Tex. Gov't Code Ann. § 552.028(a) (West Supp. 1999) (effective
June 5, 1995 as an emergency action; formerly section 552.027(a)). Although the Act gives
discretion to a governmental body to disclose information to an inmate about himself or herself,
it does not mandate that a governmental body do so even for that category of information. Id.
§ 552.028(b) ("Subsection (a) does not prohibit . . . ."); see Moore v. Henry, 960 S.W.2d 82, 83
(Tex. App.--Houston [1st Dist.] 1996, no writ). There was no duty for Miller to disclose the
information.

 Section 552.028 of the Act applies to Thompson's March 1995 request as well. The
Act was amended after Thompson's first request, but before the resolution of this lawsuit
concerning the request. Therefore, his right, if any, to the information had not vested at the time
of the amendment. See Houston Indep. Sch. Dist. v. Houston Chronicle Pub. Co., 798 S.W.2d
580, 589 (Tex. App.--Houston [1st Dist.] 1990, writ denied) (when suit filed to pursue remedy,
triggering event for vesting of right is final determination, not filing of suit). Therefore, the trial
court correctly applied the operative law in effect when it denied disclosure. Id. at 590.

 Finally, Miller responded at the time of Thompson's March request, and his
summary judgment evidence later established, that the Board did not maintain the requested
categories of statistical information. The Act does not require a government entity to prepare or
assemble new information in response to a request. See A & T Consultants, Inc. v. Sharp, 904
S.W.2d 668, 676 (Tex. 1995). Neither Miller nor the Board had a ministerial duty to create
records where none existed in order to satisfy Thompson's request.

 Because Miller had no ministerial duty to satisfy Thompson's requests under the
Act, mandamus relief was not appropriate. We overrule point of error one.

Failure to Issue Bench Warrant



 In point of error two, Thompson complains that the trial court failed to issue a
bench warrant to allow him to appear at the hearing on his motion for summary judgment. There
is no absolute right for an inmate to appear in court in a civil case. See Armstrong v. Randle, 881
S.W.2d 53, 56 (Tex. App.--Texarkana 1994, writ denied); Brewer v. Taylor, 737 S.W.2d 421,
423-24 (Tex. App.--Dallas 1987, no writ). This decision rests in the sound discretion of the trial
court. See Armstrong, 881 S.W.2d at 56; Brewer, 737 S.W.2d at 424. In a summary judgment
hearing, the court does not entertain testimony, consider evidence, or make judgments about
demeanor and credibility, factors that would weigh in favor of allowing a personal appearance. 
See Brewer, 737 S.W.2d at 423. Appellant filed two written responses to the motion for summary
judgment in which he had the opportunity to present his summary judgment arguments. 
Thompson has not demonstrated an abuse of discretion. We overrule point of error two.

 Having overruled both points of error, we affirm the trial-court judgment.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed July 29, 1999

Do Not Publish
1. As a preliminary matter, Miller contends that the notice of appeal was late. However,
Thompson filed a motion to extend time to file his notice of appeal, which this Court granted on
December 29, 1998. The appellate record contains a copy of his notice of appeal, filed within the
time granted in the motion for extension.



ill issue only to compel a public official to perform a ministerial act,
that is, an act that is clearly spelled out by law with sufficient certainty that nothing is left to the
exercise of discretion. See Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991);
City Council of Austin v. Save Our Springs Coalition, 828 S.W.2d 340, 342-43 (Tex.
App.--Austin 1992, no writ). Thus, mandamus is proper in this case only if Miller, acting for
the Board, had no discretion under the law other than producing the information requested by
Thompson.

 Thompson made his second request under the Act on August 22, 1995. By the time
of his second request, the Act had been amended to add a specific section controlling requests
from incarcerated persons. The amended Act states that "a governmental body is not required to
accept or comply with a request for information from an individual who is imprisoned or confined
in a correctional facility." Tex. Gov't Code Ann. § 552.028(a) (West Supp. 1999) (effective
June 5, 1995 as an emergency action; formerly section 552.027(a)). Although the Act gives
discretion to a governmental body to disclose information to an inmate about himself or herself,
it does not mandate that a governmental body do so even for that category of information. Id.
§ 552.028(b) ("Subsection (a) does not prohibit . . . ."); see Moore v. Henry, 960 S.W.2d 82, 83
(Tex. App.--Houston [1st Dist.] 1996, no writ). There was no duty for Miller to disclose the
information.

 Section 552.028 of the Act applies to Thompson's March 1995 request as well. The
Act was amended after Thompson's first request, but before the resolution of this lawsuit
concerning the request. Therefore, his right, if any, to the information had not vested at the time
of the amendment. See Houston Indep. Sch. Dist. v. Houston Chro