**VANLINER INSURANCE COMPANY,**
Appellant,

v.

**TEXAS WORKERS' COMPENSATION COMMISSION and the Administrator of the Subsequent Injury Fund,** Appellees.

**No. 03–98–00407–CV.**

Court of Appeals of Texas,
Austin.

Aug. 26, 1999.

Russell Manning, Hornblower, Manning & Ward, P.C., Corpus Christi, for Appellant.

John Cornyn, Attorney General, Joseph A. Pitner, Assistant Attorney General, for Appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

J. WOODFIN JONES, Justice.

Appellant Vanliner Insurance Company filed suit in district court seeking judicial review and a writ of mandamus, complaining that the Texas Workers' Compensation Commission and the Administrator of the Subsequent Injury Fund (the "Fund") (collectively "TWCC"), appellees, improperly denied its request for reimbursement of workers' compensation benefits paid pursuant to an administrative order. The parties both filed motions for summary judgment; the trial court denied Vanliner's motion and granted TWCC's motion. Vanliner perfected this appeal. We will reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts of this case are not in dispute. Vanliner is an insurance carrier that provides workers' compensation insurance coverage. This case originated from a claim filed by Francisco Gonzalez against

Vanliner for workers' compensation benefits. Following a benefit review conference, an interlocutory order was issued requiring Vanliner to pay temporary income benefits to Gonzalez beginning November 17, 1992 and continuing until "the contested case hearing resolves this issue." This order did not require the payment of *medical* benefits, but only *income* benefits.

Almost a year later, on September 16, 1993, a second benefit review conference was held, resulting in a second interlocutory order, this time ruling that Gonzalez had *not* sustained a compensable injury and did not have a disability, and ordering Vanliner to discontinue payments of temporary income benefits. The second order did not expressly state that it was reversing the November 17, 1992 interlocutory order.

On November 10, 1993, a contested case hearing was held to determine whether Gonzalez had sustained a compensable injury and had a disability. The resulting Decision and Order, dated November 15, 1993, ruled that Gonzalez had not suffered a compensable injury and was not disabled, and ordered Vanliner not to pay income or medical benefits. This order also did not specifically state that it was reversing the November 17, 1992 interlocutory order.

A second contested case hearing was held on April 12, 1994 to determine Gonzalez's pre-injury average weekly wage. A Decision and Order dated May 9, 1994 found the wage issue to be moot based on the prior determination that the claimant had not suffered a compensable injury. In addition, however, the decision specifically stated that "[t]he interlocutory order entered on November 17, 1992, is hereby overturned."

Following the May 9, 1994 decision, Vanliner filed a claim with the Fund for reimbursement of benefits paid to Gonzalez.[1] The request was denied. Vanliner filed suit in district court seeking judicial review of the denial; alternatively, Vanliner sought a writ of mandamus directing the Administrator of the Fund to reimburse the benefits paid. Both parties filed motions for summary judgment. The trial court granted TWCC's motion and denied Vanliner's motion. Vanliner appeals both the granting of TWCC's motion and the denial of its own.

## DISCUSSION

### *Standard of Review*

The propriety of summary judgment is a question of law. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). We review the trial court's decision *de novo.* *See id.; Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Because both parties filed motions for summary judgment, one of which was granted and the other denied, we must review the summary judgment evidence presented by both sides, determine all questions presented, and render such judgment as the trial court should have rendered. *See Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). We may affirm the trial court's summary judgment or reverse and render on the nonprevailing party's motion. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996).

### *Mandamus Relief*

A writ of mandamus is an extraordinary remedy that will issue only to compel a public official to perform a ministerial act, i.e., an act that is spelled out by law with sufficient clarity and certainty that nothing is left to the exercise of discretion. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex.1991); *City Council v. Save Our Springs Coalition*, 828 S.W.2d 340, 342–43 (Tex.App.— Austin 1992, no writ). "An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues

---

1. *See* Tex. Lab.Code Ann. § 410.032 (West 1996) (requiring Fund to reimburse carriers for overpayments made under order that is later reversed).

and the rules of procedure as any other civil suit." *Anderson*, 806 S.W.2d at 792 n. 1. Vanliner sought from the trial court a writ of mandamus ordering the Administrator of the Fund to grant it reimbursement for $70,915.83, arguing that, pursuant to section 410.032(b) of the Labor Code, the Administrator had no discretion to do anything but grant the reimbursement request.

**1. Statutory Steps for Reimbursement**

■ TWCC asserts initially that a mandamus directing the Fund to grant reimbursement is improper because Vanliner did not follow the statutory steps necessary to obtain reimbursement. Section 410.032 provides for reimbursement of any overpayments made by a carrier pursuant to an order that is reversed *at a contested case hearing* or arbitration. *See* Lab.Code § 410.032(b). TWCC contends that the November 17, 1992 interlocutory order ordering payment of temporary income benefits was terminated by the September 16, 1993 *benefit review conference*, rather than by a contested case hearing. TWCC argues that, because Vanliner chose to have the interlocutory order reversed at a second benefit review conference rather than at a contested case hearing, Vanliner is not entitled to reimbursement, and thus is not entitled to mandamus. We disagree.

Approximately one year following the initial interlocutory order to pay, a contested hearing was held addressing the compensability of the claimant's injury. While the resulting Decision and Order did not specifically state it was reversing the order to pay, it did conclude that the claimant had not suffered a compensable injury and ordered Vanliner to discontinue paying income benefits. We believe this November 15, 1993 decision effectively reversed the November 17, 1992 order. But even assuming the November 15 decision did not act as a reversal, a subsequent contested case hearing resulted in a second Decision and Order, which specifically held that: "The interlocutory order en-

tered on November 17, 1992, is hereby overturned. Carrier is NOT ORDERED to pay medical and income benefits. . . ." Thus, in any event, the summary judgment evidence clearly shows that the November 17 order to pay was reversed by a contested case hearing in satisfaction of section 410.032. We are not persuaded by TWCC's unsupported argument that the intervening benefit review conference somehow compromised the viability of the subsequent contested case hearings, and we decline to so hold.

**2. Amount of Reimbursement**

■ TWCC next argues that, even assuming the November 17, 1992 order was properly reversed after a contested case hearing, Vanliner was not entitled to a mandamus as a matter of law because there was no clear and unambiguous right to the relief sought. We disagree.

The parties do not dispute that Vanliner made payments to Gonzalez totaling $70,-915.83 for income benefits and medical benefits. However, the summary judgment evidence establishes, and the parties agree, that only $18,527.40 was paid *pursuant to* the later-reversed November 17, 1992 interlocutory order to pay temporary income benefits; the remainder represents amounts paid for income benefits paid *before* the November 17 order, for income benefits paid *following* the September 16, 1993 order to discontinue payments, or for medical benefits, which had not been included in the November 17 order. Counsel for Vanliner conceded during oral argument before this Court that, although Vanliner's mandamus application requests relief in the amount of $70,915.83, it is only entitled to reimbursement for overpayments totaling $18,527.40.

TWCC contends that the only issue in a mandamus proceeding is whether there is a clear and unambiguous right to the precise relief sought, here $70.915.83. Because the amount Vanliner sought overstated any amount it might have been entitled to, TWCC argues that Vanliner

has presented no clear right to have the Fund perform the duty requested and that mandamus therefore does not lie. TWCC asserts that in determining whether mandamus was proper, the trial court could not "sift through [the] evidence and determine what amount, if any, the Administrator should have reimbursed."

In essence, TWCC argues that only the exact relief sought in an application for writ of mandamus may be granted; if the relator is entitled to some relief, but not the specific relief requested, no relief at all may be granted. While this "all-or-nothing" approach may be the practice in some jurisdictions, Texas courts have long declined to follow it. *See City of Austin v. Cahill,* 99 Tex. 172, 88 S.W. 542, 550 (1905) (declining to follow other jurisdictions that grant relator "the whole or none of the relief"); *see also White v. Calaway,* 282 S.W. 642, 644 (Tex.Civ.App.—Fort Worth 1926, writ ref'd); *City of San Antonio v. Alamo Nat'l Bank,* 155 S.W. 620, 624 (Tex. Civ.App.—San Antonio 1913, writ ref'd). To the contrary, Texas courts have adopted the rule that a relator may be awarded less relief than demanded if he has shown what portion of the whole he is entitled to. *See Cahill,* 88 S.W. at 550 (interpreting *Texas Mexican Ry. v. Jarvis,* 80 Tex. 456, 15 S.W. 1089, 1092–93 (1891)).

In the instant case, the summary judgment evidence clearly shows, and the parties agree, that Vanliner paid $18,527.40 pursuant to the November 17, 1992 order, which, as we have held, was later reversed after a contested case hearing. Under section 410.032, therefore, the Fund was required to reimburse this overpayment. *See* Lab.Code § 410.032(b). Given the summary judgment evidence, we conclude that the Fund's duty to reimburse Vanliner $18,527.40 is clearly spelled out by law "with sufficient certainty that nothing is left to the exercise of discretion." *Anderson,* 806 S.W.2d at 793. Accordingly, we hold that Vanliner was entitled as a matter of law to a writ of mandamus directing the Fund to grant reimbursement in the amount of the $18,527.40 overpayment.

In light of this holding, we need not address the issue of whether the Fund's denial of a claim for reimbursement based on section 410.032(b) of the Labor Code is subject to judicial review.

## CONCLUSION

We hold that Vanliner is entitled to a writ of mandamus ordering the Fund to reimburse Vanliner in the amount of $18,-527.40. Accordingly, we reverse the trial court's judgment to the extent it denies Vanliner's request for writ of mandamus, and we render judgment that the writ issue ordering the Administrator of the Fund to reimburse Vanliner in the amount of $18,527.40.