TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00407-CV






Vanliner Insurance Company, Appellant



v.



Texas Workers' Compensation Commission and the Administrator


of the Subsequent Injury Fund, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 96-02807, HONORABLE PAUL DAVIS, JUDGE PRESIDING







 Appellant Vanliner Insurance Company filed suit in district court seeking judicial
review and a writ of mandamus, complaining that the Texas Workers' Compensation Commission
and the Administrator of the Subsequent Injury Fund (the "Fund") (collectively "TWCC"),
appellees, improperly denied its request for reimbursement of workers' compensation benefits paid
pursuant to an administrative order. The parties both filed motions for summary judgment; the
trial court denied Vanliner's motion and granted TWCC's motion. Vanliner perfected this appeal. 
We will reverse and render.


FACTUAL AND PROCEDURAL BACKGROUND



 The material facts of this case are not in dispute. Vanliner is an insurance carrier
that provides workers' compensation insurance coverage. This case originated from a claim filed
by Francisco Gonzalez against Vanliner for workers' compensation benefits. Following a benefit
review conference, an interlocutory order was issued requiring Vanliner to pay temporary income
benefits to Gonzalez beginning November 17, 1992 and continuing until "the contested case
hearing resolves this issue." This order did not require the payment of medical benefits, but only
income benefits.

 Almost a year later, on September 16, 1993, a second benefit review conference
was held, resulting in a second interlocutory order, this time ruling that Gonzalez had not
sustained a compensable injury and did not have a disability, and ordering Vanliner to discontinue
payments of temporary income benefits. The second order did not expressly state that it was
reversing the November 17, 1992 interlocutory order.

 On November 10, 1993, a contested case hearing was held to determine whether
Gonzalez had sustained a compensable injury and had a disability. The resulting Decision and
Order, dated November 15, 1993, ruled that Gonzalez had not suffered a compensable injury and
was not disabled, and ordered Vanliner not to pay income or medical benefits. This order also
did not specifically state that it was reversing the November 17, 1992 interlocutory order.

 A second contested case hearing was held on April 12, 1994 to determine
Gonzalez's pre-injury average weekly wage. A Decision and Order dated May 9, 1994 found the
wage issue to be moot based on the prior determination that the claimant had not suffered a
compensable injury. In addition, however, the decision specifically stated that "[t]he interlocutory
order entered on November 17, 1992, is hereby overturned."

 Following the May 9, 1994 decision, Vanliner filed a claim with the Fund for
reimbursement of benefits paid to Gonzalez. (1) The request was denied. Vanliner filed suit in
district court seeking judicial review of the denial; alternatively, Vanliner sought a writ of
mandamus directing the Administrator of the Fund to reimburse the benefits paid. Both parties
filed motions for summary judgment. The trial court granted TWCC's motion and denied
Vanliner's motion. Vanliner appeals both the granting of TWCC's motion and the denial of its
own.


DISCUSSION


Standard of Review

 The propriety of summary judgment is a question of law. See Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994). We review the trial court's decision de novo. See id.;
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Because both
parties filed motions for summary judgment, one of which was granted and the other denied, we
must review the summary judgment evidence presented by both sides, determine all questions
presented, and render such judgment as the trial court should have rendered. See Commissioners
Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). We may affirm the trial court's summary
judgment or reverse and render on the non-prevailing party's motion. See Holmes v. Morales, 924
S.W.2d 920, 922 (Tex. 1996).

Mandamus Relief

 A writ of mandamus is an extraordinary remedy that will issue only to compel a
public official to perform a ministerial act, i.e., an act that is spelled out by law with sufficient
clarity and certainty that nothing is left to the exercise of discretion. See Anderson v. City of Seven
Points, 806 S.W.2d 791, 793 (Tex. 1991); City Council v. Save Our Springs Coalition, 828
S.W.2d 340, 342-43 (Tex. App.--Austin 1992, no writ). "An original proceeding for a writ of
mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law
issues and the rules of procedure as any other civil suit." Anderson, 806 S.W.2d at 792 n.1. 
Vanliner sought from the trial court a writ of mandamus ordering the Administrator of the Fund
to grant it reimbursement for $70,915.83, arguing that, pursuant to section 410.032(b) of the
Labor Code, the Administrator had no discretion to do anything but grant the reimbursement
request.


 1. Statutory Steps for Reimbursement

 TWCC asserts initially that a mandamus directing the Fund to grant reimbursement
is improper because Vanliner did not follow the statutory steps necessary to obtain reimbursement. 
Section 410.032 provides for reimbursement of any overpayments made by a carrier pursuant to
an order that is reversed at a contested case hearing or arbitration. See Lab. Code § 410.032(b). 
TWCC contends that the November 17, 1992 interlocutory order ordering payment of temporary
income benefits was terminated by the September 16, 1993 benefit review conference, rather than
by a contested case hearing. TWCC argues that, because Vanliner chose to have the interlocutory
order reversed at a second benefit review conference rather than at a contested case hearing,
Vanliner is not entitled to reimbursement, and thus is not entitled to mandamus. We disagree.

 Approximately one year following the initial interlocutory order to pay, a contested
hearing was held addressing the compensability of the claimant's injury. While the resulting
Decision and Order did not specifically state it was reversing the order to pay, it did conclude that
the claimant had not suffered a compensable injury and ordered Vanliner to discontinue paying
income benefits. We believe this November 15, 1993 decision effectively reversed the November
17, 1992 order. But even assuming the November 15 decision did not act as a reversal, a
subsequent contested case hearing resulted in a second Decision and Order, which specifically held
that: "The interlocutory order entered on November 17, 1992, is hereby overturned. Carrier is
NOT ORDERED to pay medical and income benefits. . . ." Thus, in any event, the summary
judgment evidence clearly shows that the November 17 order to pay was reversed by a contested
case hearing in satisfaction of section 410.032. We are not persuaded by TWCC's unsupported
argument that the intervening benefit review conference somehow compromised the viability of
the subsequent contested case hearings, and we decline to so hold.


 2. Amount of Reimbursement

 TWCC next argues that, even assuming the November 17, 1992 order was properly
reversed after a contested case hearing, Vanliner was not entitled to a mandamus as a matter of
law because there was no clear and unambiguous right to the relief sought. We disagree.

 The parties do not dispute that Vanliner made payments to Gonzalez totaling
$70,915.83 for income benefits and medical benefits. However, the summary judgment evidence
establishes, and the parties agree, that only $18,527.40 was paid pursuant to the later-reversed
November 17, 1992 interlocutory order to pay temporary income benefits; the remainder
represents amounts paid for income benefits paid before the November 17 order, for income
benefits paid following the September 16, 1993 order to discontinue payments, or for medical
benefits, which had not been included in the November 17 order. Counsel for Vanliner conceded
during oral argument before this Court that, although Vanliner's mandamus application requests
relief in the amount of $70,915.83, it is only entitled to reimbursement for overpayments totaling
$18,527.40.

 TWCC contends that the only issue in a mandamus proceeding is whether there is
a clear and unambiguous right to the precise relief sought, here $70.915.83. Because the amount
Vanliner sought overstated any amount it might have been entitled to, TWCC argues that Vanliner
has presented no clear right to have the Fund perform the duty requested and that mandamus
therefore does not lie. TWCC asserts that in determining whether mandamus was proper, the trial
court could not "sift through [the] evidence and determine what amount, if any, the Administrator
should have reimbursed."

 In essence, TWCC argues that only the exact relief sought in an application for writ
of mandamus may be granted; if the relator is entitled to some relief, but not the specific relief
requested, no relief at all may be granted. While this "all-or-nothing" approach may be the
practice in some jurisdictions, Texas courts have long declined to follow it. See City of Austin v.
Cahill, 88 S.W. 542, 550 (Tex. 1905) (declining to follow other jurisdictions that grant relator
"the whole or none of the relief"); see also White v. Calaway, 282 S.W. 642, 644 (Tex. Civ.
App.--Fort Worth 1926, writ ref'd); City of San Antonio v. Alamo Nat'l Bank, 155 S.W. 620, 624
(Tex. Civ. App.--San Antonio 1913, writ ref'd). To the contrary, Texas courts have adopted the
rule that a relator may be awarded less relief than demanded if he has shown what portion of the
whole he is entitled to. See Cahill, 88 S.W. at 550 (interpreting Texas Mexican Ry. v. Jarvis, 15
S.W. 1089, 1092-93 (Tex. 1891)).

 In the instant case, the summary judgment evidence clearly shows, and the parties
agree, that Vanliner paid $18,527.40 pursuant to the November 17, 1992 order, which, as we have
held, was later reversed after a contested case hearing. Under section 410.032, therefore, the
Fund was required to reimburse this overpayment. See Lab. Code § 410.032(b). Given the
summary judgment evidence, we conclude that the Fund's duty to reimburse Vanliner $18,527.40
is clearly spelled out by law "with sufficient certainty that nothing is left to the exercise of
discretion." Anderson, 806 S.W.2d at 793. Accordingly, we hold that Vanliner was entitled as
a matter of law to a writ of mandamus directing the Fund to grant reimbursement in the amount
of the $18,527.40 overpayment.

 In light of this holding, we need not address the issue of whether the Fund's denial
of a claim for reimbursement based on section 410.032(b) of the Labor Code is subject to judicial
review.

CONCLUSION


 We hold that Vanliner is entitled to a writ of mandamus ordering the Fund to
reimburse Vanliner in the amount of $18,527.40. Accordingly, we reverse the trial court's
judgment to the extent it denies Vanliner's request for writ of mandamus, and we render judgment
that the writ issue ordering the Administrator of the Fund to reimburse Vanliner in the amount of
$18,527.40.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: August 26, 1999

Publish

1. See Tex. Lab. Code Ann. § 410.032 (West 1996) (requiring Fund to reimburse carriers for
overpayments made under order that is later reversed).


 contested case hearings, and we decline to so hold.


 2. Amount of Reimbursement

 TWCC next argues that, even assuming the November 17, 1992 order was properly
reversed after a contested case hearing, Vanliner was not entitled to a mandamus as a matter of
law because there was no clear and unambiguous right to the relief sought. We disagree.

 The parties do not dispute that Vanliner made payments to Gonzalez totaling
$70,915.83 for income benefits and medical benefits. However, the summary judgment evidence
establishes, and the parties agree, that only $18,527.40 was paid pursuant to the later-reversed
November 17, 1992 interlocutory order to pay temporary income benefits; the remainder
represents amounts paid for income benefits paid before the November 17 order, for income
benefits paid following the September 16, 1993 order to discontinue payments, or for medical
benefits, which had not been included in