# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00738-CV

Sante Rehabilitation, L.P., Appellant

v.

National Heritage Insurance Company; Texas Health and Human Services
Commission; and Albert Hawkins, Commissioner, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. GN300910, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Sante Rehabilitation, L.P. ("Sante") filed suit against appellees for payment
of 2,050 Medicaid claims provided pursuant to Sante's provider agreement with the Texas Health
and Human Services Commission ("the Commission").[1]  Sante sought declaratory and mandamus
relief regarding the Commission's duty to process and pay Sante's claims.  The Commission filed
a plea to the jurisdiction asserting sovereign immunity, and National Heritage Insurance Company
("NHIC") filed a motion to dismiss, asserting that it was also entitled to immunity as the State's
agent.  The district court granted the Commission's plea to the jurisdiction and NHIC's motion to
dismiss.  We will affirm the order and judgment of the district court.

---

[1]  We will refer to Albert Hawkins, Commissioner of Texas Health and Human Services
Commission, separately as "the Commissioner" only when necessary to refer to him individually.

**BACKGROUND AND PROCEDURE**

Between January 1996 and February 1998, Sante provided rehabilitative services to Medicaid patients involving thousands of claims. The Commission requires that claims for payment be received within 95 days of the date of discharge. *See* Former Rule 354.1003(a)(1).[2] Sante alleges that it in fact submitted the claims in question within the 95-day deadline, but the claims were improperly "front end rejected" due to electronic transmission difficulties with NHIC.[3]

On August 4, 1997, Sante informed NHIC that many of its claims had not been paid. Sante argued that it was entitled to an exception to the 95-day rule because of electronic transmission difficulties with NHIC. *See* Former Rule 354.1003(e)(1)(C).[4] NHIC and the Commission

---

[2] 21 Tex. Reg. 9635 (1996), *recodified by* 27 Tex. Reg. 4561 (2002) (amended 2003) (current version at 1 Tex. Admin. Code § 354.1003 (2004)). For convenience, we will refer to the version of the rule in effect at the time of this dispute as "Former Rule 354.1003."

[3] At the time of this dispute, NHIC was the claims administrator for the Texas Medicaid program and functioned as a fiscal intermediary for the State. *See* Tex. Hum. Res. Code Ann. § 32.029(b) (West 2001).

[4] At the time of this dispute, the Texas Administrative Code provided:

> (e) Exceptions to the 95-day deadline. The department shall consider exceptions only when at least one of the situations included in this subsection exists. The final decision of whether a claim falls within one of the exceptions will be made by the department's Medical Appeals office.
>
> (1) Exceptions to the filing deadline are considered when one of the following situations exists:
>
> . . . .
>
> (C) delay due to electronic claim or system implementation problems[.]

Former Rule 354.1003(e)(1)(C).

subsequently analyzed a portion of Sante's unpaid claims and reimbursed Sante approximately $200,000. According to Sante, however, 2,050 claims totaling $345,978 were never processed or paid. Sante continued to work with the Commission and NHIC in an effort to resolve these unpaid claims. On March 12, 2002, Sante presented a computer printout of the unpaid claims to the Commission for review and consideration as an exception to the 95-day rule. *See id.*

On August 13, 2002, the Commission denied Sante's request for an exception to the 95-day rule. The Commission relied on a federal mandate that requires providers to submit all claims to state Medicaid agencies within one year from the date of service. *See* 42 C.F.R. § 447.45(d) (2004) ("The [State] Medicaid agency must require providers to submit all claims no later than 12 months from the date of service."). Unlike the Texas 95-day deadline, the federal mandate provides no exceptions to the one-year submission deadline. *See id.* The Commission therefore argued that Sante's claims, which were filed more than twelve months following the date of service, had to be rejected pursuant to the federal mandate.

### Contentions of the Parties

On March 21, 2003, Sante filed suit against the Commission and NHIC, seeking a declaratory judgment and a writ of mandamus. Sante argues that the federal rule requires only that claims be *submitted*, while the Texas 95-day rule is a deadline for claims to be *filed*. *Compare* 42 C.F.R. § 447.45(d), *with* Former Rule 354.1003(a)(1). Sante seeks a declaration that the federal rule is not applicable here because Sante's claims were submitted but were not actually filed with the Commission due to electronic transmission difficulties. Sante additionally seeks a declaration and a writ of mandamus that its claims should be processed and paid.

On April 23, 2003, the Commission filed its plea to the jurisdiction. The Commission argues that Sante's claims, many of which were in excess of one-year old, cannot be paid due to the federal mandate that claims be submitted within one year from the date that the service was provided. The Commission also argues that Sante's provider contract and the Texas Medicaid rules provided ample provisions for a provider to contest unpaid claims, but Sante failed to exercise these opportunities. The Commission argues that although Sante has cast its suit in terms of declaratory relief and mandamus seeking that its claims be processed, it is actually seeking to force the Commission to pay Sante's claims. The Commission argues Sante's suit for damages is barred by the doctrine of sovereign immunity.

On November 12, 2003, NHIC filed a motion to dismiss, asserting that it was also entitled to sovereign immunity because of its status as an agent of the State operating only as a fiscal intermediary. On November 17, 2003, the district court heard argument and granted the Commission's plea to the jurisdiction and NHIC's motion to dismiss.[5] Sante now appeals in one issue, arguing that the district court erred in granting the plea to the jurisdiction and motion to dismiss.

## DISCUSSION

*Standard of Review*

---

[5] Sante concedes that if the Commission's plea to the jurisdiction was granted due to sovereign immunity, NHIC's motion to dismiss should also be granted.

A plea to the jurisdiction contests the district court's subject-matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Because subject-matter jurisdiction poses a question of law, we review rulings on a plea to the jurisdiction de novo. *See Miranda*, 133 S.W.3d at 226; *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The district court granted the Commission's plea to the jurisdiction and NHIC's motion to dismiss based upon the Commission's assertion of sovereign immunity. Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26 (citing *Jones*, 8 S.W.3d at 637). To waive immunity from suit, consent must ordinarily be found in a constitutional provision or legislative enactment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). A plaintiff must allege facts that affirmatively demonstrate a trial court's subject-matter jurisdiction; whether a plaintiff has met this burden is a question of law we review de novo. *See Miranda*, 133 S.W.3d at 226.

### *Sante's Petition*

The only jurisdictional allegation in Sante's petition read in its entirety: "Venue and jurisdiction is appropriate in a District Court of Travis County, Texas, pursuant to Sections 15.004 and 15.014 of the Texas Civil Practice and Remedies Code." However, sections 15.004 and 15.014 are merely venue provisions. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.004, .014 (West 2002). Whether the district court had jurisdiction to hear Sante's request for declaratory and mandamus

relief are separate questions. *See Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 713 (Tex. App.—Austin 2003, pet. denied). We must therefore determine whether Sante's requests for declaratory and mandamus relief constitute waiver of the Commission's sovereign immunity from suit.

***Declaratory Judgment***

Sante's request for declaratory relief stated in its entirety:

> Pursuant to Section 37.004 of the Texas Civil Practice and Remedies Code, [Sante] seeks a declaratory judgment that otherwise valid Medicaid claims submitted within ninety-five (95) days of the date of service, but rejected (not filed) and, therefore, not processed and paid due to electronic transmission difficulties, fall within the exception to the ninety-five (95) day filing deadline for claims as provided under [Former Rule] 354.1003(e)(1)(C) and, once corrected and resubmitted, should be processed and paid under applicable federal and state regulations; and that, accordingly, the unpaid claims which are the subject of this lawsuit fall within the exception set out in [Former Rule] 354.1003(e)(1)(C) and should be paid.

In its prayer for relief, Sante also sought attorney's fees in connection with its request for declaratory relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997).

Sante argues that the district court had jurisdiction over its request for declaratory relief because the Uniform Declaratory Judgments Act ("UDJA") "constitutes a specific statutory waiver of sovereign immunity both with respect to the declaratory relief sought and the award of attorney's fees under Section 37.009." *See id.* §§ 37.001-.011 (West 1997 & Supp. 2004). Sante is correct insofar as a "party can maintain a suit to determine its rights without legislative permission." *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997), *superseded by statute on other grounds as stated in General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d

6

591 (Tex. 2001); *see also City of LaPorte v. Barfield*, 898 S.W.2d 288, 297 (Tex. 1995) (UDJA waives sovereign immunity from suits brought to construe statutes); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (same).

Here, however, Sante does not seek to construe a legislative enactment. Rather, Sante seeks a determination that the Medicaid claims at issue should be "processed and paid." Sante asserts that it "is seeking solely a declaratory judgment, sufficient to support a writ of mandamus," but Sante's request for declaratory relief is, in essence, a request for monetary damages against the State.[6] Because the UDJA does not authorize private parties to sue the State for money damages, we conclude that Sante's request for declaratory relief does not waive the Commission's sovereign immunity from suit.[7] *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 860 (Tex. 2002).

---

[6] A request for declaratory relief cannot change the basic character of a suit. *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712-13 (Tex. App.—Austin 2003, pet. denied). Moreover, "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim." *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002).

[7] Sante cites other cases for the proposition that its declaratory-judgment action confers jurisdiction upon the district court, but these cases are distinguishable. *See, e.g.*, *Texas Workers' Comp. Comm'n v. Continental Cas. Co.*, 83 S.W.3d 901, 904-05 (Tex. App.—Austin 2002, no pet.) (labor code waived sovereign immunity from suit and allowed direct suit for reimbursement); *Everest Nat'l Ins. Co. v. Texas Workers' Comp. Comm'n*, 80 S.W.3d 269, 271 (Tex. App.—Austin 2002, no pet.) (same); *Texas Workers' Comp. Comm'n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 907 (Tex. App.—Austin 1999, pet. denied) (same); *see also Texas Dep't of Banking v. Mount Olivet Cemetery Ass'n*, 27 S.W.3d 276, 281 (Tex. App.—Austin 2000, pet. denied) (suit to construe statute not barred by sovereign immunity); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 154 (Tex. App.—Austin 1998, no pet.) (sovereign immunity did not bar suit to declare that Texas Department of Public Safety acted outside statutory authority).

7

*Mandamus*

Sante's request for a writ of mandamus stated in its entirety:

> For the harm and damage done to [Sante] as a result of having payment refused, [Sante] has no adequate remedy at law. Such damages are continuing. There is no legal justification for [the Commission's] refusal to pay. Accordingly, [Sante] seeks a writ of mandamus as the only remedy available to [Sante] to secure payment, directing [the Commissioner] to pay to [Sante] the unpaid claims totaling [$345,978], which are the subject of this lawsuit.

Mandamus is an extraordinary remedy that is available only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *See In re Masonite*, 997 S.W.2d 194, 197 (Tex. 1999) (citing *Walker v. Packer*, 827 S.W.2d 833, 840-41 (Tex. 1992)); *see also Rivera*, 124 S.W.3d at 713. The relator has a heavy burden of demonstrating that it is entitled to the relief requested. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994); *Rivera*, 124 S.W.3d at 713.

"It is well established that mandamus will not lie where a petitioner has another clear and effective remedy, adequate to obtain the relief to which he may be entitled." *Rivera*, 124 S.W.3d at 713. Here, both Sante's provider contract and the Texas Administrative Code provided Sante with specific steps to take in order to obtain payment for its Medicaid claims. The provider manual included detailed instructions for submitting claims to NHIC. If a provider did not see submitted claims in the "Claims in Process" section of weekly reports within 30 days, the provider was to resubmit the claims to NHIC within 95 days of the date of service. The provider manual also instructed "electronic billers" to notify NHIC about missing claims if the claims did not appear in weekly reports within ten days of submission. It is undisputed that Sante did not notify NHIC that

8

claims were not processed and paid until over eighteen months after the first of the claims were submitted.

The version of the Texas Administrative Code in effect at the time of this dispute was also specific in its instructions to providers. In order to request an exception to the 95-day deadline, a provider was required to submit "an affidavit or statement . . . stating the details of the cause for the delay, the exception being requested, and verification that the delay was not caused by neglect, indifference, or lack of diligence of the provider or the provider's employee or agent." Former Rule 354.1003(e)(2)(A). Additionally, in order to claim an exception to the 95-day deadline based on delay due to electronic claim or system implementation problems, a provider is required to submit documentation detailing the electronic transmission difficulty. *See* Former Rule 354.1003(e)(2)(D). Finally, the former rule included a provision for appeals from claim denials, but such appeals had to be brought "within 180 days from the date of the last denial of and/or adjustment to the original claim." Former Rule 354.1003(b). Because Sante failed to avail itself of the relief offered by these provisions in the former rule, the district court was without jurisdiction to grant mandamus relief.[8]

---

[8] Additionally, a writ of mandamus is proper to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* Here, the former rule merely required the Commission to "consider" exceptions. *See* Former Rule 354.1003(e). The rule stated that "final decision of whether a claim falls within one of the exceptions will be made by the [Commission's] Medical Appeals office." *Id.* Even had Sante complied with the provisions for claiming an exception and appealing the Commission's decision, we question whether mandamus would be an appropriate remedy to order the Commissioner to "pay to [Sante] the unpaid claims" when the rule required only that the Commission "consider" an exception.

9

*See Rivera*, 124 S.W.3d at 713; *Employees Ret. Sys. v. McDonald*, 551 S.W.2d 534, 536 (Tex. Civ. App.—Austin 1977, writ ref'd).[9]

## CONCLUSION

Sante's request for declaratory relief was insufficient to waive sovereign immunity or confer subject-matter jurisdiction upon the district court. Because Sante failed to avail itself of the provisions in Former Rule 354.1003 for claiming an exception and appealing a decision, the court was without subject-matter jurisdiction to grant mandamus relief. We therefore affirm the order and judgment of the district court granting the Commission's plea to the jurisdiction and NHIC's motion to dismiss.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   August 12, 2004

---

[9] The cases Sante cites for the proposition that the district court could grant mandamus relief under the facts of this case are distinguishable. *See Vanliner Ins. Co. v. Texas Workers' Comp. Comm'n*, 999 S.W.2d 575, 579 (Tex. App.—Austin 1999, no pet.) (mandamus appropriate when duty to reimburse was "clearly spelled out by law with sufficient certainty that nothing is left to the exercise of discretion"); *Texas Dep't of Human Servs. v. Christian Care Ctrs., Inc.*, 826 S.W.2d 715, 716 (Tex. App.—Austin 1992, writ denied) (not mandamus case, but suit for declaratory judgment that administrative rule was void and that Department of Human Services exceeded statutory authority in enacting rule).