The **STATE** of Texas et al., Appellants,

v.

**KEETON PACKING COMPANY** et al., Appellees.

No. 8253.

Court of Civil Appeals of Texas, Amarillo.

Nov. 13, 1972.

Rehearing Denied Dec. 11, 1972.

Fred O. Senter, Jr., City Atty. (James P. Brewster), Lubbock, Crawford C. Martin, Atty. Gen. (Woodrow Curtis), Austin, for appellants.

William J. Gillespie (Jack P. Martin), Lubbock, for appellees.

JOY, Justice.

This suit was brought to rescind and set aside a dedication deed to the State of Texas with the alternative pleading for damages. The City of Lubbock intervened and from judgment for plaintiffs against the State and City, this appeal was taken. Reversed and remanded.

In 1951 Keeton Packing Company was approached by the County's right-of-way agent, Al O'Brien, and requested to convey to the State of Texas a 5.021 acre tract for the represented purpose of use by the State Highway Commission in constructing a state highway thereon. Keeton agreed and did convey the tract to the State of Texas undisputably for no other consideration than the orally stated purpose of the constructing of the highway. Sometime later in approximately 1954 the State Highway Commission abandoned the initially proposed route and redirected the highway in a manner that only 1.91 acres of the tract conveyed was used. At that time the tract lay outside the Lubbock City limits. In 1962 the Legislature passed a bill permitting Keeton to sue the State of Texas and the State Highway Commission. Suit was

brought by Keeton at a date subsequent to the time the area was brought into the city limits and the City intervened alleging that the area was needed for the use of the City, but did not sue in condemnation. The suit was for recovery of the excess land not used for highway purposes or, in the alternative, for damages suffered by Keeton for the alleged taking of the excess land without consideration. Upon the trial by a jury the plaintiff Keeton apparently proceeded only on the damage plea as evidenced by the issues submitted to the jury. The jury found as follows on a part of the issues: (1) that Al O'Brien was the agent of the State of Texas; (2) that O'Brien represented to Keeton that the highway would be constructed on the land; (3) that the representation was made to induce Keeton to execute the deed; (4) that Keeton relied upon the representation; (5) that the representation was false; (5a) that the land (2.86 acres) was taken without reasonable compensation; (5b) that as agent of the State, O'Brien represented that a highway would be built on the land conveyed by the deed; (6) that Keeton had no knowledge prior to May, 1954 of a change in the highway plans; (8) that the City of Lubbock did not hold the excess land peacefully and adversely for ten years; (12) that O'Brien was an employee of Lubbock County in securing the deed; (13) that Keeton made no inquiry as to the authority of O'Brien to bind the State to construct the highway as represented; (14) that at the time of the deed it was the plan of the highway department to construct the highway on the entire tract; and, (15) that the fair market value of the land at the time of trial was $43,503.56. A joint and several judgment was entered by the trial court in favor of Keeton in that amount against the State of Texas and the City of Lubbock.

■ The State's first three points of error are that there could be no failure of consideration as the dedication was without reservations or conditions. Under Vernon's Ann.Civ.St. art. 4004 (now Business and Commerce Code, section 27.01, V.T.C.A.), upon which appellee Keeton relies, a promise to perform an act in the future must be made with the intent not to perform the act promised. Although the jury found the representation made by O'Brien, the right-of-way agent, to be false, we are unable to find in the record any evidence that O'Brien knew it to be false at the time of securing the right-of-way deed from Keeton. The State Highway Commission, at that time, had plans for extending the highway due east on 4th Street. The fact alone that some three years later in 1954 those plans were changed and the highway constructed in a northeasterly direction does not, a fortiori, indicate that the State knew at the time of securing the deed in 1951 that the highway would not be constructed as originally planned. There must of necessity be some evidence and a finding that the statement or promise to perform the act in the future causing the execution and delivery of the deed was made with knowledge that the statement or promise was false at the time of making the statement or promise relied upon by the grantor, and but for the statement or promise the grantor would not have conveyed the property. See Business and Commerce Code, section 27.01, and cases cited thereunder. In 19 Tex.Jur.2d, § 49, p. 312, it is said:

". . . (i)t has also been said that the failure to perform a promise that constitutes the whole or part of a consideration inducing a conveyance is not ground for recission of a deed."

Generally parol evidence is admissible to vary the terms of a written instrument upon a showing of accident, mistake or fraud, as stated in 23 Am.Jur.2d, Deeds § 71, p. 125:

". . . But when the recital of consideration in a deed is a mere receipt, parol or extrinsic evidence is admissible to modify, explain, or contradict it. The tendency of modern times has been to regard the consideration clause in a deed

merely in the light of a receipt and to allow parol evidence to explain the consideration for almost every purpose except to allow the grantor to avoid the deed where no fraud or mistake is shown."

We are of the opinion that parol evidence is admissible in the cause to show the true consideration and that is so whether the deed be called a dedication deed, a right-of-way deed, or otherwise.

■ The State by its point four complains that Keeton, having disposed of its interest in lands abutting the right-of-way prior to trial, had no justiciable interest in the land in controversy. The appellee Keeton proceeded to trial on the basis of damages by reason of a failure or partial failure of consideration and a taking of 2.-86 acres of land without reasonable compensation under article 1, section 17, of the Texas Constitution, Vernon's Ann.St., as hereinafter discussed. Since Keeton sought damages for the unconstitutional taking of the land the point is not well taken.

■ Appellant State next asserts error by the trial court in refusing judgment for defendants on the basis of answers by the jury to special issues numbered 12, 13 and 14 whereby the jury found that O'Brien was an employee of Lubbock County in securing the deed of April 6, 1951; that Keeton did not inquire of O'Brien's authority to bind the highway department to construct the highway as represented on 4th Street; and that it was the proposed plan of the highway department at that time in 1951 to construct the highway on 4th Street. These points are overruled as the issues as drawn form no basis for a judgment for the defendants.

■ Appellant State asserts error by point nine of the use of the date of the trial in valuing the land taken but not used by the State under the deed of 1951. The plaintiff Keeton, having elected to proceed on the theory of taking without considera-

tion by the State, as reflected by the issues, was bound by the rule of valuing the property at the time of the taking. It is incumbent upon the plaintiff to allege and prove injury by reason of the reliance by Keeton upon the promise to perform the act in the future. Apparently the plaintiff elected to measure its damages by the value of the unused portion of the tract of land as we are unable to find evidence from the record of any other injury. The deed having been executed and delivered in 1951, with the State apparently taking physical possession in approximately 1954, we hold it was error to permit the jury to find the market value as of the date of the trial. Brunson v. The State of Texas, 444 S.W.2d 598 (Tex.Sup.1969). Assuming, without so holding, that the appellant's objection to special issue number 15, the damage issue, was insufficient under Rule 274, Texas Rules of Civil Procedure, as urged by appellee, we are of the opinion that the other grounds of error noted herein require a reversal of the case at any rate.

■ Appellants complain as error the submission of special issue number 1 as being a question of law. We agree. The issue asked the jury to find that O'Brien was an agent of the State on the 6th day of April, 1951, the date of the right-of-way deed, without further instructions or issues on facts from which agency or nonagency might have been determined. Agency is a question of law for the court with the facts that determine agency issues for the trier of the facts. Minneapolis-Moline Company v. Purser, 361 S.W.2d 239 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.); Boyd v. Eikenberry, 132 Tex. 408, 122 S. W.2d 1045 (Tex.Com'n App.1939, opinion adopted).

Appellant State's points of error 10, 11 and 12 are no evidence, insufficient evidence and against the great weight and preponderance of the evidence in support of answers to special issues 1, 2, 3, 4, 5, 5a, 5b and 15. Without further burdening this opinion with quotations of evidence we

find there is some evidence to sustain the jury's answers and the answers are not against the great weight and preponderance of the evidence. We will not endeavor to anticipate the issues that may arise in a subsequent trial.

■ The appellant City by two points contends error by the trial court in admitting a prior abandoned pleading of the State into evidence and the admission into evidence of a letter written by the attorney general to the city attorney, a copy of which was sent to appellees' attorney. The attorney general stated in the letter, inter alia, that the Highway Commission had no further need for the excess land and that it was his opinion that the consideration for the deed had failed. The letter, consisting mainly of opinions and conclusions of law and fact, should have been excluded from evidence. The fact that it was in writing does not cause it to be anytheless objectionable than had the writer been called to testify orally.[1] Additionally, we are of the opinion that the letter is not admissible under V.A.C.S. art. 4411 whereby:

> "No admission, agreement or waiver, made by the Attorney General, . . . shall prejudice the rights of the State."

Whether or not land is further needed by the State Highway Commission is left for the determination of that body and is not within the discretionary powers of the attorney general. The State of Texas v. Easley, 404 S.W.2d 296 (Tex.Sup.1966). See also State v. Reagan County Purchasing Co., 186 S.W.2d 128 (Tex.Civ.App.—El Paso 1944, writ ref'd w. o. m.). The admissibility of prior abandoned pleadings against the State presents a more difficult problem in view of statements in other cases that the State is bound by rules of pleading and procedure as any other litigant. Presumably pleadings filed on behalf of the State Highway Commission are filed with the consent and knowledge of the State, and may be used in evidence to show an inconsistent position taken in amended pleadings upon which the cause is tried. Although this may be said to "prejudice the rights of the State," we hold, as in the case of the ordinary litigant, that this action is brought by the State in effect, by and through its legal counsel, the attorney general, and is not an "action" by the attorney general alone as contemplated by V.A.C.S. art. 4411.

■ The City by way of a late supplemental brief urges the issue of laches or stale demand in this court for the first time. A plea of limitations does not suffice to raise laches or stale demand as that defense must either be pleaded or raised by special exception in the trial court. 35 Tex.Jur.2d Laches and Stale Demand § 13, pp. 473–474.

The other points of error raised in this court may not occur in a retrial, therefore we will forego any discussion in this opinion.

For the reasons stated the judgment of the trial court is reversed and the cause remanded to the trial court.

---

1. At the time of the trial, it is noted that the writer of the letter was deceased.