**Rufus GAUT, C.W. Crouch, Omni Capital Corporation, and Credwell Corporation, Appellants,**

v.

**AMARILLO ECONOMIC DEVELOPMENT CORPORATION and American Airlines, Inc., Appellees.**

No. 03–95–00757–CV.

Court of Appeals of Texas, Austin.

May 1, 1996.

Rehearing Overruled June 5, 1996.

---

Frederic M. Wolfram, The Wolfram Law Firm, P.C., Amarillo, for Appellants.

Steven L. Hoard, Mullin Hoard & Brown, L.L.P., Amarillo, for Amarillo Economic Development Corp.

Thomas A. Albright, Scott, Douglass, Luton & McConnico, L.L.P., Austin, for American Airlines, Inc.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

PER CURIAM.

At issue in this cause is whether the trial court properly determined by summary judgment that a contract executed by the Amarillo Economic Development Corporation (AEDC) and American Airlines, Inc. (American) is valid and enforceable. The contract provides that American will supply jet service between the Dallas/Fort Worth International Airport and the Amarillo International Airport for three years in exchange for three annual payments by the AEDC in the amount of $1.2 million.

Appellants filed a motion for temporary relief asking this Court to enjoin any payments by AEDC to American until the appeal has concluded. All parties have requested that the Court advance this appeal pursuant to Texas Rule of Appellate Procedure 42(b) and resolve the cause by issuing an opinion before May 15, 1996, the date the 1996 installment payment is due to be paid. We overrule the appellants' renewed motion for temporary relief, advance the cause on the docket, and without hearing oral argument, issue the Court's opinion. *See* Tex. R.App.P. 75(f).

Appellants raise three points of error, challenging the trial court's (1) grant of the AEDC's and American's summary judgment motions; (2) declaration that the contract for jet service is valid; and (3) denial of appellants' cross-motion for summary judgment requesting injunctive and declaratory relief. Additionally, appellants challenge the portion of the trial court's order that awards the AEDC and American recovery of their attorney fees from appellants. We will affirm the trial court's judgment.

## BACKGROUND

The parties agreed to stipulated facts. The AEDC, a nonprofit corporation, was formed in 1990 pursuant to the Development Corporation Act as amended. *See* Tex.Rev.

Civ.Stat. art. 5190.6, § 4A (West 1987 & Supp.1996). The City of Amarillo held a duly authorized election by which the voters decided to collect a ½ cent sales and use tax to be used by the AEDC. *See* Tex.Rev.Civ. Stat.Ann. art. 5190.6, § 4A(d), (e) (West 1987 & West Supp.1996). The AEDC's board of directors, after hearing from many Amarillo citizens, voted unanimously to recommend to the Amarillo City Commission that it approve a contract between the AEDC and American for jet service between Amarillo and Dallas. The city commission, after hearing comments from individuals, approved the contract. The first annual payment was due May 15, 1995.

In April 1995, Rufus Gaut filed an original petition seeking declaratory and injunctive relief to prevent the AEDC's performance related to the jet service contract. Gaut contended that the contract was "extralegal and void" because the payments required to be made by the AEDC under the contract were not authorized by the Development Corporation Act as amended.[1] *See* Tex.Rev. Civ.Stat.Ann. art. 5190.6 (West 1987 & Supp. 1996). On May 11, 1995, appellants sought temporary injunctive relief to prevent the AEDC from making the first annual payment to American. The trial court denied their request. The AEDC made the first payment to American for the twelve-month period beginning July 1, 1995, through June 30, 1996. The second payment is due May 15, 1996.

After the trial court denied appellants' request for temporary injunctive relief, the AEDC filed a motion for summary judgment arguing that, pursuant to the Development Corporation Act, as a matter of law, the AEDC was authorized to enter into the contract with American and to perform under the contract terms. Appellants filed a cross-motion for summary judgment arguing that, as a matter of law, the enumerated powers granted to the AEDC by the Development Corporation Act did *not* allow the AEDC to execute the contract for jet service. At a hearing on the summary judgment motions, the parties agreed that American should be permitted to file a post-hearing motion for summary judgment adopting the arguments presented in the AEDC's motion so that all of the parties and issues would be included in a final judgment.

The trial court granted the AEDC's and American's motions for summary judgment and overruled appellants' motion. The trial court expressly declared that the AEDC was authorized by law to enter into the jet service contract and that the contract was valid and enforceable. The trial court also granted the AEDC's and American's request to recover their attorney fees from appellants.

## VALIDITY OF JET SERVICE CONTRACT

By points of error one and two, appellants contend that the trial court erred by granting summary judgment in favor of the AEDC and American, overruling their motion for summary judgment, and denying their request for declaratory relief.

Summary judgment is proper if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Gibbs v. General Motors Inc.,* 450 S.W.2d 827, 828 (Tex.1970). The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When both parties move for summary judgment and one motion is granted and the other is overruled, the appellate court should consider all questions presented to the trial court, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). Each party must carry its own

---

1. C.W. Crouch, Omni Capital Corp., and Credwell Corp. intervened and adopted Gaut's pleading.

burden as the movant and, in response to the other party's motion, as the non-movant. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 703 .(Tex.App.—Houston [1st Dist.] 1987, writ denied). The prevailing party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston County*, 861 S.W.2d 861, 862 (Tex.1993).

The declared purpose of the Development Corporation Act is that the measures authorized, especially with respect to financing, are in the public interest and serve a public purpose in promoting the welfare of the citizens of the state economically by the resulting higher level of employment, economic activity, and stability. Tex.Rev.Civ.Stat.Ann. art. 5190.6, § 3(3) (West Supp.1996). Corporations formed pursuant to the Development Corporation Act have broad powers. *Id.* at art. 5190.6, § 23. Section 23(a) provides that development corporations "shall have and exercise all of the rights, powers, privileges, authority, and functions given by the general laws of this state to non-profit corporations incorporated under the Texas Non–Profit Corporation Act, as amended." *Id.; see* Tex. Rev.Civ.Stat.Ann. art. 1396–2.02 (West Supp. 1996) (general powers of non-profit corporations). As a non-profit corporation, the AEDC has the power to make contracts and incur liabilities. Tex.Rev.Civ.Stat.Ann. art. 1396–2.02A(8) (West Supp.1996). Section 23(a) also provides that a development corporation shall have "the following powers with respect to projects together with all powers incidental thereto or necessary for the performance of [them]." Section 23(a) then enumerates many powers that development corporations have related to projects. Additionally, along with the enumerated powers related to projects, section 23 provides:

> Whether included in the foregoing or not, to have and exercise all powers necessary or appropriate to effect any or all of the purposes for which the corporation is organized which powers shall be subject at all times to the control of the governing body of the unit under whose auspices the corporation was created.

Tex.Rev.Civ.Stat.Ann. art. 5190.6, § 23(a)(11) (West 1987 & Supp.1996). We are to construe the Development Corporation Act liberally. *Id.* at art. 5190.6, § 3(5).

Appellants seem to concur with the AEDC, American, and the stated purpose of the jet service contract that providing jet service between the Amarillo and Dallas/Fort Worth airports will enhance the economy and employment opportunities in Amarillo. Appellants argue, however, that the Development Corporation Act limits the AEDC to funding "projects" only. *Id.* at art. 5190.6, § 2(10) (projects defined at length). Specifically, appellants contend that, construing the act liberally and considering the implied powers necessary to carry out the expressed statutory powers, when the AEDC entered into the contract with American it acted outside its expressed and implied statutory authority. Appellants conclude that the jet service contract is void.

The AEDC and American presented summary judgment evidence reflecting that many Amarillo business people rely on jet service for their business operations. Several Amarillo business people stated by affidavit that if jet service to Amarillo were no longer available their businesses would relocate to other cities that are served by jet service. The summary judgment evidence showed that an American Quarter Horse Association convention scheduled in 1997 with an estimated 1400 people attending would be relocated if jet service were no longer available to Amarillo.

We agree with appellants that the jet service contract is not the type of project that involves the construction, acquisition, sale, lease, or purchase of a building. However, when liberally construing the Development Corporation Act in conjunction with the Non–Profit Corporation Act, we do not agree with appellants that the AEDC is limited to considering only projects as defined by the Development Corporation Act. Considering article 1396–2.02 of the Non–Profit Corporation Act, the AEDC had the power to contract and incur liabilities. Additionally, when considering article 5190.6, section 23(a)(11) and the summary judgment evidence reflecting the probable enhancement to the Amarillo economy as well as the economic benefits to the residents of the Texas panhandle, the

contract for jet service is within the stated purpose of the Texas Development Corporation Act.

Texas has a continuing need for the creation of new job opportunities and the enhancement of existing job opportunities. Act of May 27, 1989, 71st Leg., R.S., ch. 877, § 1(1), 1989 Tex.Gen.Laws 3871. It is desirable that economic development take place to stimulate the economy of local and state governments. *Id.* at ch. 877, § 1(2). Local government should have the necessary powers to enable it to take the lead in economic development, and local self-determination should be maintained to the maximum extent practical. *Id.* at ch. 877, § 1(3). We find no error in the trial court's grant of the AEDC's and American's motions for summary judgment. Additionally, we find no error in the trial court's denial of appellants' motion for summary judgment and the denial of their request for declaratory relief. We overrule appellants' first and second points of error.

## ATTORNEY FEES

By point three, appellants contend that if this Court determines that declaratory relief should be rendered in favor of appellants then the portion of the trial court's order regarding attorney fees must be reversed and the issue remanded to the trial court. Since we conclude that the trial court properly declared the contract valid and enforceable, we find no error in the trial court's assessment of the AEDC's and American's attorney fees against appellants. *See* Tex. Civ.Prac. & Rem.Code Ann. § 37.009 (West 1986). We overrule point three.

## CONCLUSION

Finding no error, we affirm the trial-court judgment.